Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

# UNITED STATES DISTRICT COURT
for the
District of Kansas

Division

Case No. **5:26-cv-04006-TC-ADM**
*(to be filled in by the Clerk's Office)*

Angeliina L. Lawson

*Plaintiff(s)*
(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

-v-

Anderson County, et. al,

*Defendant(s)*
(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)

Jury Trial: *(check one)*  ☒ Yes  ☐ No

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Non-Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Angeliina L. Lawson |
| Address | 1914 5th Ave |
| City | Leavenworth |
| State | KS |
| Zip Code | 66048 |
| County | Leavenworth |
| Telephone Number | 9139721661 |
| E-Mail Address | AngeliinaCourtRecords@gmail.com |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Anderson County |
| Job or Title *(if known)* | |
| Address | 409 S Oak St |
| City | Garnett |
| State | KS |
| Zip Code | 66032 |
| County | Anderson |
| Telephone Number | 785-448-6841 |
| E-Mail Address *(if known)* | |

☐ Individual capacity    ☒ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Tina Miller |
| Job or Title *(if known)* | Clerk of Anderson County District Court |
| Address | 100 E 4th Ave., Garnett, KS 66032 |
| County | Anderson |
| Telephone Number | 785-448-6886 |

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

|  |  |
|---|---|
| E-Mail Address *(if known)* | Tina.Miller@kscourts.gov |

☒ Individual capacity    ☒ Official capacity

**Defendant No. 3**

| | |
|---|---|
| Name | Kelly Johnson |
| Job or Title *(if known)* | ADA Coordinator / District Court Administrator |
| Address | 301 S Main, Ottawa, KS 66067 |
| County | Fourth Judicial District |
| Telephone Number | 785 242-6000 |
| E-Mail Address *(if known)* | kelly.johnson@kscourts.gov |

☒ Individual capacity    ☒ Official capacity

**Defendant No. 4**

| | |
|---|---|
| Name | Jolene Zirkle |
| Job or Title *(if known)* | ADA Coordinator Kansas Supreme Court |
| Address | 301 SW 10th Ave.<br>Topeka, KS 66612 |
| County | State of Kansas |
| Telephone Number | 785-296-2256 |
| E-Mail Address *(if known)* | Jolene.Zirkle@kscourts.org |

☒ Individual capacity    ☒ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☒ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Due Process (14th Amendment), Access to Courts, Equal Protection, First Amendment retaliation, Title II of the ADA (42 U.S.C. § 12132), and ADA anti-retaliation protections (42 U.S.C. § 12203). Article VI Supremacy Clause, Article I Section 8

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

    C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

    D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

Anderson County officials and court personnel acted under color of law by intentionally suppressing and concealing material exculpatory evidence, altering the record submitted on appeal, refusing to transmit the record during federal removal proceedings, and retaliating against Plaintiff's exercise of ADA rights by conditioning custody on disability-based terms.

## III.   Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

    A.    Where did the events giving rise to your claim(s) occur?

Anderson County District Court, Garnett, Kansas.

    B.    What date and approximate time did the events giving rise to your claim(s) occur?

December 18–22, 2025; and ongoing.

    C.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

- On Dec. 18, 2025, 4 Families Services submitted a parenting report to Anderson County via the judge's assistant. The report was never docketed or served to the parties.
- On Dec. 22, 2025, a custody-terminating order was issued that omitted the report and falsely claimed adverse findings.
- Clerk Tina Miller later confirmed the report was never filed or served.
- Volume 3 of the appeal record was labeled "confidential" without motion or legal basis, further concealing exculpatory evidence.
- During federal removal proceedings in May 2025, the clerk also refused to transmit the record and imposed improper fees.
- Plaintiff requests for ADA accommodations were denied and filed federal complaints were used to retailate.

## IV. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Plaintiff has suffered severe and ongoing harm including:
- Loss of parent-child contact and interference with familial association (daily since Sept. 19, 2024);
- Emotional and psychological trauma from state-enabled alienation and retaliation;
- Economic harm, including lost income, forced poverty, and blocked access to reunification services;
- Denial of disability accommodations and retaliation under ADA Title II;
- Suppression of due process rights and court access through spoliation and ex parte record control;
- Professional and reputational damage due to public record manipulation and false judicial findings.

These injuries are detailed and monetized in the Tucker Act Damages Ledger and Notice of Claim filed November 16, 2025, which calculated damages exceeding $56,375,000.00 and continuing to accrue daily.

> Plaintiff was denied access on January 15, 2026 again to material exculpatory evidence, even after requesting it as a reasonable ADA accommodation. The Court Administrator confirmed that the evidence was withheld and kept by the judge and excluded from the record and parties. See Exhibit A

## V. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

Plaintiff requests:
1. Declaratory relief declaring the December 22, 2025 custody-terminating order void as issued in reliance on suppressed evidence;
2. Injunctive relief requiring filing and disclosure of the December 18, 2025 4 Families report and correction of the appellate record;
3. Compensatory damages for constitutional violations, emotional distress, retaliation, and ADA exclusion;
4. Punitive damages for willful suppression of material evidence and abuse of authority under color of law.

Plaintiff incorporates by reference the Tucker Act Damages Ledger and Notice of Claim filed in Anderson County on November 16, 2025, which itemized daily constitutional harms and financial loss. The current damages total exceeds $56,375,000.00 and continues to accrue.

Actual damages to be proven at trial. Punitive damages of $12,000,000 are sought to deter continued retaliation and judicial misconduct.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: January 15, 2026

Signature of Plaintiff
Printed Name of Plaintiff    Angeliina L. Lawson

### B. For Attorneys

Date of signing: _____

Signature of Attorney    _____
Printed Name of Attorney _____
Bar Number              _____

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

|  |  |
|---|---|
| Name of Law Firm | _____ |
| Address | _____ |
|  | _____ _____ _____ |
|  | City         State   Zip Code |
| Telephone Number | _____ |
| E-mail Address | _____ |