Exhibit A

# Gmail

Angeliina <angeliinacourtrecords@gmail.com>

## ADA accommodations Effective Communication

**Kelly Johnson** <Kelly.Johnson@kscourts.gov>  
To: Angeliina <angeliinacourtrecords@gmail.com>

Thu, Jan 15, 2026 at 1:28 PM

Ms. Lawson,

Your request for a copy of the report by 4 Families Services (Layne Project) is denied. The report in question was emailed directly to Judge Godderz's office. As it was a record directly to a judge, it is not subject to the Kansas Open Records Act. The public policy behind KORA is that public records should be accessible to the public. K.S.A. 45-216. A "public record" is any recorded information made, maintained, kept, or is in the possession of a public agency or an officer of that public agency. K.S.A. 45-217(l)(1). However, the definition of "public agency" expressly excludes judges. K.S.A. 45-217(k)(2)(B). Therefore, any record received and kept by the judge by definition is not a public record subject to KORA.

**Kelly E. Johnson**

District Court Administrator  
Fourth Judicial District of Kansas  
Franklin County Court Building  
301 S Main, Ottawa KS 66067

Phone: 785.242.6000  Fax: 785.242.8330



**4th Judicial District**  
Anderson • Coffey • Franklin • Osage

Notice: Non-official information contained in this message does not necessarily represent the views and positions of the Fourth Judicial District of Kansas.

This E-mail message and accompanying documents are covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521, and contain information intended for the specified individual(s) only. This information is confidential. If you are not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this E-mail in error and that any review, dissemination, copying, or the taking of any action based on the contents of this information is strictly prohibited. If you have received this E-mail in error, please notify us immediately by E-mail and delete the original message.

From: Angeliina <angeliinacourtrecords@gmail.com>
Sent: Monday, December 22, 2025 1:14 PM
To: Kelly Johnson <Kelly.Johnson@kscourts.gov>
Subject: Re: ADA accommodations Effective Communication

CAUTION: This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Thank you Kelly, there was another document that was sent directly to the court from 4 Families last Thursday on Dec 18, 2025 and I never received a copy of that report

Angeliina

On Mon, Dec 22, 2025 at 9:46 AM Kelly Johnson <Kelly.Johnson@kscourts.gov> wrote:

> Ms. Lawson,
>
> As requested, please see the following documents attached: index numbers 51-60.
>
> The other specific documents you requested will be sent in subsequent emails.
>
> **Kelly E. Johnson**
>
> District Court Administrator
> Fourth Judicial District of Kansas
> Franklin County Court Building
> 301 S Main, Ottawa KS 66067
>
> Phone: 785.242.6000  Fax: 785.242.8330



4th Judicial District
Anderson • Coffey • Franklin • Osage

Notice: Non-official information contained in this message does not necessarily represent the views and positions of the Fourth Judicial District of Kansas.

This E-mail message and accompanying documents are covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521, and contain information intended for the specified individual(s) only. This information is confidential. If you are not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this E-mail in error and that any review, dissemination, copying, or the taking of any action based on the contents of this information is strictly prohibited. If you have received this E-mail in error, please notify us immediately by E-mail and delete the original message.

**From:** Angeliina <angeliinacourtrecords@gmail.com>
**Sent:** Friday, December 19, 2025 2:26 PM
**To:** Kelly Johnson <Kelly.Johnson@kscourts.gov>
**Subject:** Re: ADA accommodations Effective Communication

> **CAUTION:** This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

I am writing to formally correct your December 19, 2025 response and to clarify that my December 18, 2025 communication was not a request under the Kansas Open Records Act (KORA).

My request was submitted exclusively as an ADA Title II reasonable accommodation request for effective communication, pursuant to 42 U.S.C. § 12132 and 28 C.F.R. § 35.160, and must be processed under the court's ADA compliance obligations—not under public records statutes.

Reclassifying an ADA accommodation request as a KORA request is legally improper and constitutes a failure to engage in the required ADA interactive process. The ADA imposes an independent, affirmative duty on public entities to ensure that communications with individuals with disabilities are as effective as communications with others. This duty cannot be deferred, conditioned, or replaced by KORA procedures, fee assessments, or records-search timelines.

The accommodations I requested, specifically: timely electronic delivery of filed documents and orders, confirmation of filing status, and access to file-stamped copies necessary to understand and participate in my own case.

are communication accommodations, not public-records requests. They are required where necessary to ensure effective communication and equal participation under 28 C.F.R. § 35.160(a)(1) and § 35.160(b)(2), which requires the court to give *primary consideration* to the accommodation requested.

Accordingly, please process my request under the court's ADA Title II procedures and provide a written determination addressing:

1. whether the requested accommodations will be granted;
2. if any are denied, the specific legal basis for denial under the ADA; and
3. any alternative accommodations being offered, as required by federal law.

Please note that continued treatment of ADA accommodation requests as KORA requests may constitute interference with ADA rights under 42 U.S.C. § 12203(b) and will be preserved accordingly.

I look forward to your prompt response and good-faith engagement in the ADA interactive process.

Angeliina Lawson

On Fri, Dec 19, 2025 at 2:00 PM Kelly Johnson <Kelly.Johnson@kscourts.gov> wrote:

Ms. Lawson,

On December 18, 2025, as part of an ADA accommodations request, you requested the following:

> A complete copy of all missing file-stamps and documents withheld by Clerk Miller. Including index numbers: #51–#60, #68–#80, #81-88, #92 and all other sealed documents being blocked from my access and missing from my records.

Please provide additional information to identify the documents you are requesting in the last part of your request – "all other sealed documents being blocked from my access and missing from my records."

Your inquiry is treated as a request for information under the Kansas Open Records Act (KORA), K.S.A. 45-215, et seq. KORA requires public agencies to disclose information that is part of the public record. K.S.A. 45-218. The public record includes any information recorded in any form regardless of characteristics or location, which is created, maintained, or possessed by any public agency or any officer or employee of a public agency, if the information relates to the official duties of the officer or employee. K.S.A. 45-217(g)(1). KORA does not require release of records that are prohibited or restricted from disclosure under federal law, state statute, or rule of the Kansas Supreme Court. K.S.A. 45-221(a)(1).

We have begun the process of determining if we possess any public records meeting the terms of your request that are subject to disclosure by law. As soon as possible, we will provide you with one or more of the following:

1. Copies of the requested public records;

2. A statement concerning our inability to locate any public records meeting the terms of your request;

3. A request for clarification concerning the types of records or information you seek;

4. If we determine that the public records you request exist but are voluminous, difficult to locate, and/or contain information that may include open and closed material, we will provide you with a written estimate of the fees that we will request to be pre-paid in order to pay for the actual costs associated with (a) locating and/or retrieving the public records from storage, (b) staff time spent in or assisting with making copies of the records, including attorney time spent examining the records for possible closure and/or redaction, and (c) copying and mailing the requested public records; and/or

5. If we determine that we possess records, but those records are closed by law, we will provide you with that information with a written citation to the laws allowing or requiring that type of public record to be closed.

We will contact you again, as soon as possible, concerning this matter and your request.

Sincerely,

Kelly E. Johnson

District Court Administrator

From: Angeliina <angeliinacourtrecords@gmail.com>
Sent: Thursday, December 18, 2025 2:03 PM
To: Kelly Johnson <Kelly.Johnson@kscourts.gov>
Subject: ADA accommodations Effective Communication

CAUTION: This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good afternoon Kelly,

This is a formal request for ADA Title II reasonable accommodations for effective communication under:

- 28 C.F.R. § 35.130 – Equal access, nondiscrimination, no surcharges
- 28 C.F.R. § 35.160 – Effective communication
- 42 U.S.C. § 12203 – ADA anti-retaliation & interference

I request accommodations because the court clerk, Tina Miller, has repeatedly obstructed my ability to access filings, court orders, and documents necessary to participate in my own case, creating barriers to communication based on my disability.

Under 28 C.F.R. § 35.160(a)(1), the court must ensure communications with disabled individuals are as effective as communications with others. However, the following actions by Clerk Tina Miller have prevented my equal access and ability to understand and respond to court proceedings:

1. Withholding Stamped Filed Copies of My Filings

- Multiple filings were never returned to me with the file stamp, including motions, judicial orders, opposing counsel motions/subpoenas, indexes

    #51–#60, #68–#80, #81-88, #92 despite multiple requests.

- This prevents me from knowing what was filed, when, and whether it was accepted a direct violation of effective communication standards.

2. Delayed Filing of "Fraud Upon the Court" Notice for Nearly 3 Months

- My "Fraud Upon the Court" notice was intentionally delayed and re-categorized as "correspondence," contrary to filing rules.

- This obstructs my ability to respond, preserve issues, and participate in proceedings.

3. Withholding the §1443 Federal Civil-Rights Removal Notice

- Tina Miller held my 28 U.S.C. § 1443 removal notice filed on May 6, 2025 for two days May 8, 2025 until "the judge gave permission," which is not legally required. Then she refused to send the record to federal court requiring a fee.
- Under §1446(d), clerks must immediately file removal notices.

4. Selective denial of access because I am "pro se"

- The clerk has stated or implied that because I am "pro se," my access is locked out.
- Under Title II, the court must provide accommodations regardless of represented status.

These actions have directly impaired my ability to process information, prepare responses, and participate meaningfully.

ADA VIOLATIONS TRIGGERED

A. 28 C.F.R. § 35.160 – Effective Communication. The court must provide auxiliary aids and services "where necessary to afford an equal opportunity." Denying me access to filed documents and orders removes the foundation of communication, making it impossible to track deadlines or understand proceedings.

B. 28 C.F.R. § 35.130 – No discrimination, no special burdens. The court may not: Deny participation on the basis of disability, Require extra burdens or hoops to obtain documents, Impose policies or fees that disproportionately affect disabled litigants. Withholding documents and delaying filings violates these requirements.

C. 42 U.S.C. § 12203 – Interference & Retaliation. Delays and withholding filings after my ADA complaints began constitute prohibited retaliation.

IV. REQUESTED ADA ACCOMMODATIONS

I request the following accommodations, required under Title II for effective communication:

1. Immediate and automatic email delivery of all filed documents. This is explicitly permitted under 28 C.F.R. § 35.160(b)(2): the entity must give "primary consideration" to the individual's requested accommodation.

2. Written confirmation within 24 hours that my filings were accepted, rejected, or misfiled. Because of documented delays and mistakes by Clerk Miller, I need written confirmation to ensure effective communication.

3. A complete copy of all missing file-stamps and documents withheld by Clerk Miller. Including index numbers: #51–#60, #68–#80, #81-88, #92 and all other sealed documents being blocked from my access and missing from my records. This is required for me to track deadlines, appeals and respond appropriately.

4. Prohibition on withholding, delaying, or re-labeling my filings. As an accommodation, the court must ensure: No document is delayed, No document is reclassified as "correspondence". No filing requires judge approval before acceptance. This prevents further ADA-triggered barriers.

Case 5:26-cv-04006-TC-ADM   Document 1-1   Filed 01/15/26   Page 7 of 7

## VI. NON-WAIVER OF RIGHTS

This ADA request: Does not waive any rights under § 1983, § 1443, ADA Title II, due process, or federal removal. Preserves all objections to jurisdiction, venue, and unlawful procedural actions.

--

Angeliina Lynn Lawson
Pro Se Litigant | ADA-Protected Party | Federal Civil Rights Plaintiff
1914 5th Avenue, Leavenworth, KS 66048
AngeliinaCourtRecords@gmail.com | (913) 972-1661

NOTICE: This communication constitutes formal notice under ADA Title II (42 U.S.C. § 12132) and anti-retaliation protections under 42 U.S.C. § 12203(b). It is being preserved as part of ongoing federal proceedings under 42 U.S.C. § 1983 and civil RICO investigations under 18 U.S.C. §§ 1961–1968. Unauthorized disclosure, suppression, or surveillance of this communication or its routing metadata may constitute spoliation of evidence, discriminatory interference, or obstruction of justice under federal law. All emails and accommodations sent or received are subject to preservation orders and may be used in federal filings, including discovery actions, civil complaints, and FOIA/KORA litigation.

--

Angeliina Lynn Lawson
Pro Se Litigant | ADA-Protected Party | Federal Civil Rights Plaintiff
1914 5th Avenue, Leavenworth, KS 66048
AngeliinaCourtRecords@gmail.com | (913) 972-1661

NOTICE: This communication constitutes formal notice under ADA Title II (42 U.S.C. § 12132) and anti-retaliation protections under 42 U.S.C. § 12203(b). It is being preserved as part of ongoing federal proceedings under 42 U.S.C. § 1983 and civil RICO investigations under 18 U.S.C. §§ 1961–1968. Unauthorized disclosure, suppression, or surveillance of this communication or its routing metadata may constitute spoliation of evidence, discriminatory interference, or obstruction of justice under federal law. All emails and accommodations sent or received are subject to preservation orders and may be used in federal filings, including discovery actions, civil complaints, and FOIA/KORA litigation.

--

**Angeliina Lynn Lawson**
Pro Se Litigant | ADA-Protected Party | Federal Civil Rights Plaintiff
1914 5th Avenue, Leavenworth, KS 66048
AngeliinaCourtRecords@gmail.com | (913) 972-1661

NOTICE: This communication constitutes formal notice under ADA Title II (42 U.S.C. § 12132) and anti-retaliation protections under 42 U.S.C. § 12203(b). It is being preserved as part of ongoing federal proceedings under 42 U.S.C. § 1983 and civil RICO investigations under 18 U.S.C. §§ 1961–1968. Unauthorized disclosure, suppression, or surveillance of this communication or its routing metadata may constitute spoliation of evidence, discriminatory interference, or obstruction of justice under federal law. All emails and accommodations sent or received are subject to preservation orders and may be used in federal filings, including discovery actions, civil complaints, and FOIA/KORA litigation.