FILED
U.S. District Court
District of Kansas
02/25/2026
Clerk, U.S. District Court
By: MAM Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

ANGELIINA LYNN LAWSON,

Plaintiff,

v.

ANDERSON COUNTY, KANSAS, et al.,

Defendants.

Case No. 5:26-cv-04006

RESPONSE TO ORDER DENYING EXPEDITED ISSUANCE OF SUMMONS

AND NOTICE REGARDING ONGOING HARM DURING § 1915 SCREENING

Plaintiff, proceeding pro se and in forma pauperis, respectfully submits this Response to the Court's Order denying expedited issuance of summons pending screening under 28 U.S.C. § 1915(e)(2).

I. Acknowledgment of Screening Requirement

Plaintiff acknowledges that screening is required under 28 U.S.C. § 1915(e)(2)(B). Plaintiff does not seek to circumvent or nullify that statutory obligation. This filing is not a motion to reconsider the Court's Order.

II. Disability Access and Meaningful Participation

Plaintiff is a qualified individual with a disability and has asserted ADA Title II protections under 42 U.S.C. § 12131–12134 and related implementing standards applicable to public-entity programs and proceedings including effective communication and reasonable modification principles. Plaintiff respectfully preserves that court processes must remain meaningfully accessible, including for timely participation where ongoing harm has been documented with submitted exhibits to the courts record.

III. Clarification Regarding Filing Fee Comment and Access Implications

The Court's Order notes that Plaintiff may pay the filing fee to avoid delay. Plaintiff understands that screening applies when proceeding in forma pauperis under 28 U.S.C. § 1915(e)(2), and does not dispute the Court's authority to conduct such screening.

However, Plaintiff respectfully preserves the following for purposes of record clarity and potential review:

1. The statutory right to proceed in forma pauperis is intended to ensure access to the courts for indigent litigants and must not operate in a manner that materially diminishes or functionally delays access to judicial protection where ongoing harm is alleged.
2. When a litigant who qualifies for in forma pauperis status alleges continuing constitutional and statutory injury, the interaction between § 1915 screening and the timing of service becomes a question of access to courts, not merely fee administration.
3. Conditioning prompt service upon the ability to pay the filing fee creates two procedural tracks: (a) litigants able to prepay fees and obtain immediate summons issuance; and (b)

    indigent litigants subject to pre-service screening before any adversarial process may begin.

4. Plaintiff does not contend that screening is improper. Plaintiff preserves that the screening process must be administered within a reasonable timeframe and in a manner consistent with constitutional right of access to the courts and due process principles; and ADA Title II's requirement ensuring meaningful access.

5. Where ongoing irreparable harm is alleged and evidence submitted to the record for examination, extended pre-service delay may operate as a temporary denial of judicial protection. Plaintiff respectfully preserves that § 1915 screening cannot be applied in a manner that results in constructive exclusion from timely judicial relief solely due to indigency status.

Plaintiff raises this issue not to challenge the Court's authority, but to ensure the record reflects that meaningful access concerns have been asserted and preserved during the pendency of screening.

IV. Limited Request

Plaintiff respectfully requests:

1. Confirmation that preservation obligations apply with respect to documents, communications and electronically stored information relevant to the allegations in the Complaint during the pendency of screening; and

2. Recognition that ADA access principles apply to the timing and administration of judicial processes, including screening under § 1915. Plaintiff seeks confirmation that screening will not operate as an indefinite delay in the face of ongoing alleged harm.

Respectfully submitted,                                          Dated: February 25, 2026

/s/ Angeliina Lynn Lawson

Angeliina Lynn Lawson, Plaintiff, Pro Se

1914 5th Avenue, Leavenworth, Kansas 66048

(913) 972-1661 | AngeliinaCourtRecords@gmail.com

CERTIFICATE OF SERVICE

I certify that on February 25, 2026, I electronically filed the foregoing Response with the Clerk of the Court using the CM/ECF system. Because summons has not issued and Defendants have not appeared, service pursuant to Federal Rule of Civil Procedure 5 is not required at this time.

/s/ Angeliina Lynn Lawson

Angeliina Lynn Lawson