FILED
U.S. District Court
District of Kansas
03/11/2026
Clerk, U.S. District Court
By: MAM Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

ANGELIINA LYNN LAWSON,

Plaintiff,

v.

ANDERSON COUNTY, KANSAS, et al.,

Defendants.

Case No. 5:26-cv-04006

PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

Plaintiff Angeliina Lynn Lawson, appearing pro se, respectfully submits this Response to the Court's March 4, 2026 Order to Show Cause.

For the reasons set forth below, Plaintiff submits that this Court has subject-matter jurisdiction, that judicial immunity is inapplicable because no judges are sued, that no prior final judgment bars this action, and that the Complaint states plausible claims under 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act (ADA), including 42 U.S.C. § 12203.

I. SUBJECT-MATTER JURISDICTION

This case arises under federal law. The Complaint asserts claims under:

1. 42 U.S.C. § 1983, alleging violations of procedural due process and access-to-courts rights under the Fourteenth Amendment, as well as interference/retaliation tied to Plaintiff's exercise of her rights; and

2. Title II of the ADA, 42 U.S.C. § 12132, and the ADA anti-retaliation provision, 42 U.S.C. § 12203, based on denial of effective communication and retaliation for using ADA channels to seek accommodations and access to records.

The defendants are Anderson County and court administrative officials (the Anderson County Clerk and ADA coordinators for the judicial branch) who are alleged to have acted under color of state law. Federal-question jurisdiction therefore exists under 28 U.S.C. §§ 1331 and 1343.

A. This suit does not seek appellate review or modification of state-court custody orders. Plaintiff recognizes that this Court does not sit as an appellate tribunal over state-court judgments and that state custody determinations must be litigated in the state courts and through state appellate review.

This action is not a request for federal appellate review of Anderson County Case No. 2020-DM-131. The merits and legality of the custody proceedings themselves are being pursued through state-court channels.

By contrast, the present case seeks federal remedies for independent federal violations allegedly committed by Anderson County and court administrative staff in December 2025 and January 2026, including:

- Ex parte transmission of the December 18, 2025 4 Families Services parenting report to the presiding judge's chambers or assistant without filing, docketing, or serving Plaintiff;

- Clerk Tina Miller's confirmation that no filing occurred on December 18, 2025, even though there is enough knowledge to state the "judge kept" the report; and
- ADA coordinators Kelly Johnson and Jolene Zirkle's refusal to process Plaintiff's December 18–January 15 written communications as ADA Title II accommodation requests for effective communication and access to records, instead reclassifying them as Kansas Open Records Act (KORA) requests and denying access on that basis.

These alleged acts are record-handling conduct by county and court staff, not judicial decision-making. They concern the handling and withholding of a material parenting report and the treatment of Plaintiff's ADA grievances, rather than the correctness of any state-court judgment.

To eliminate any possible confusion, Plaintiff withdraws any prior request that this Court vacate, declare void, or otherwise directly alter the December 22, 2025 custody order or any other state custody determination. Plaintiff seeks no federal order that would nullify or rewrite a state judgment.

B. Relief sought is focused on federal rights and access to court services. As clarified, Plaintiff seeks:

1. Compensatory and punitive damages for the alleged federal violations described above; and
2. Narrowly tailored declaratory and injunctive relief directed to Defendants' own conduct, specifically, relief to address ongoing record-access and ADA interactive-process failures, including measures to ensure Plaintiff is afforded meaningful, effective access to the December 18, 2025 report and related court records and to ensure that ADA

accommodation requests are processed under Title II rather than being re-routed solely through KORA.

This requested relief targets Defendants' administration of court services and record access. It does not ask this Court to reweigh evidence, overturn, or modify the substance of any state-court custody judgment.

## II. JUDICIAL IMMUNITY DOES NOT APPLY

The Court's Order to Show Cause references "judicial immunity" as a possible basis for dismissal. Judicial immunity is not implicated here because no judge is named as a defendant, and Plaintiff seeks no damages from any judge.

The only defendants are:

- Anderson County, a local governmental entity;
- Tina Miller, Clerk of the Anderson County District Court;
- Kelly Johnson, ADA Coordinator/District Court Administrator for the Fourth Judicial District; and
- Jolene Zirkle, ADA Coordinator for the state judicial branch.

The challenged conduct involves record-handling, docketing, and ADA coordination, functions carried out by administrative officials and the county, not by judges issuing rulings in their adjudicative capacity. At screening, where no judge is sued, judicial immunity is not a basis for dismissal.

## III. RES JUDICATA DOES NOT BAR THIS ACTION

The Order to Show Cause also raises res judicata (claim preclusion). Claim preclusion does not apply because:

1. The key conduct alleged here occurred after prior federal cases were dismissed. Plaintiff's earlier cases were before the December 18, 2025 report and the subsequent December 22, 2025 and January 2026 events. The core factual nucleus here, ex parte receipt, non-docketing, and concealment of the 4 Families report; denial of access to that report; and ADA-related reclassification and denials, is new, and could not have been litigated in a case dismissed on October 29, 2025 or earlier.

2. The defendant set and claims are different.

   This case is focused on Anderson County and specific court administrative officials responsible for record access and ADA coordination, and on their handling of the December 18, 2025 report and Plaintiff's ADA-based record-access requests and grievances. Any prior actions involved different defendants and different dates and relief. The claims here center on distinct, later-arising conduct.

3. Later, distinct acts of retaliation and record suppression cannot be precluded in advance. Claim preclusion cannot be used to bar a disabled parent from *ever* bringing suit on later, discrete acts of retaliation, record suppression, and denial of access simply because she previously filed other civil-rights cases. The December 18–22, 2025 and January 2026 events are independent wrongs that stand on their own and are properly before this Court.

Accordingly, res judicata is not a proper basis for dismissing this action at the screening stage.

IV. THE COMPLAINT PLAUSIBLY STATES CLAIMS UNDER § 1983 AND THE ADA

At screening, the Court must accept well-pleaded factual allegations and attached exhibits as true and determine whether they plausibly state a claim for relief. Under Rule 8(a), a complaint need only provide a short and plain statement showing entitlement to relief, and pro se pleadings are construed liberally. The Complaint and supporting exhibits and filings allege that:

- County and court administrative officials concealed a material parenting report from the case file and from Plaintiff;
- Those officials refused to docket or disclose the report even after formal complaints and ADA requests;
- Tampering with the appeal record and preventing a full record to be transmitted to the appeal court; and
- ADA coordinators reclassified accommodation requests as KORA requests and denied access, thwarting effective communication and meaningful participation.

Taken as true, these allegations plausibly state claims under § 1983 and the ADA.

A. § 1983 – Procedural due process and access-to-courts. To state a claim under § 1983, Plaintiff must allege that a person acting under color of state law deprived her of a federal right. Here, the Complaint and exhibits filed alleges that:

- Clerk Tina Miller and ADA officials Kelly Johnson and Jolene Zirkle were acting under color of state law in their official roles;
- Plaintiff paid for a report to be generated and submitted to the record as evidence of continued positive relationships with minor child. Prior parenting report in March 2025 stated positively and was recorded on the docket.

- However, the December 18, 2025 parenting report from 4 Families Services was sent directly to the presiding judge's chambers, was never docketed or served, and was concealed from Plaintiff even as an order suspending all parenting time issued days later;
- Plaintiff still has not been provided access to the report, complete case materials, or stamped copies without requiring substantial travel to the courthouse.
- Requiring Plaintiff to use KORA requests or substantial physical travel to obtain access to her own filings and records imposes an additional burden that Plaintiff alleges is incompatible with her IFP status and ADA accommodation needs.
- In January 2026, Miller and Johnson explicitly confirmed that the report was not part of the public record and that it was being withheld, while citing KORA and the fact that the judge "kept" the report; and
- These officials continued to refuse to treat the report as part of the record or to provide access, even after Plaintiff invoked ADA procedures and lodged complaints with the Kansas Attorney General and the Office of Judicial Administration.

These facts plausibly show that, acting under color of state law, Defendants deprived Plaintiff of access to material evidence in her own case and for her appeal record, impeded her ability to understand and respond to the proceedings, and obstructed her ability to pursue a proper appeal brief. That is sufficient at the pleading stage to state § 1983 claims for denial of procedural due process and denial of meaningful access to the courts.

B. ADA Title II and anti-retaliation. To state a claim under Title II of the ADA, Plaintiff must allege that (1) she is a qualified individual with a disability; (2) she was excluded from participation in, or denied the benefits of, services, programs, or activities of a public entity, or

otherwise discriminated against by such an entity; and (3) the exclusion, denial, or discrimination was by reason of her disability.

The Complaint and exhibits filed alleges that:

- Plaintiff has a communication disability requiring accommodations and auxiliary aids in order to understand and participate effectively in court proceedings;
- The services, programs, and activities at issue are judicial-branch and county court services, including access to court records, orders, and parenting reports in Plaintiff's own case;
- Plaintiff submitted multiple written ADA Title II accommodation requests seeking effective communication and timely electronic delivery of filed orders and documents, confirmation of filing status, and access to the December 18, 2025 report as necessary for effective communication and participation with deadlines and appeal windows; and
- Rather than engaging in the ADA interactive process, Defendants Johnson and Zirkle treated or reclassified these requests as KORA requests, denied access and failed to provide equivalent, effective communication.

These allegations support an inference that Plaintiff was denied meaningful access to court services and records because of disability communication needs that were not accommodated, and that the handling of her ADA requests had a retaliatory or interfering character in violation of 42 U.S.C. § 12203.

At this early stage, allegations and exhibits filed that ADA coordinators administered the ADA process itself in a way that blocked Plaintiff from obtaining necessary records and information in her own case plausibly state Title II and anti-retaliation claims.

C. Anderson County – municipal liability

The Complaint and exhibits further alleges that Anderson County's policies, customs, or practices regarding receipt, docketing, and disclosure of parenting reports, and its failure to correct or supervise the Clerk's handling of the December 18, 2025 report after formal complaints, were the moving force behind the ongoing suppression of that report and denial of access.

These factual allegations are sufficient, at the pleading stage, to support municipal liability under Monell for denial of access to the courts and violations of Title II and § 12203.

At this screening stage, Plaintiff is not required to prove her case or anticipate every possible affirmative defense. She need only allege enough facts to raise a plausible entitlement to relief. The Complaint and attached exhibits meet that standard.

CONCLUSION

For the reasons above, Plaintiff respectfully submits that:

1. This Court has subject-matter jurisdiction over Plaintiff's federal claims under § 1983 and Title II of the ADA/§ 12203;
2. Judicial immunity is not a basis for dismissal because no judge is sued and the challenged conduct is administrative;

3. No prior federal judgment adjudicated the specific December 18–22, 2025 and January 2026 events at issue here, so res judicata does not apply; and

4. The Complaint plausibly states claims for relief under § 1983 and Title II / § 12203 under Rule 8's notice-pleading standard, especially when construed liberally in favor of a pro se litigant under IFP status.

Plaintiff therefore respectfully requests that the Court discharge the Order to Show Cause, lift the stay, and allow this case to proceed past screening so that summons may issue and the merits may be joined. In the alternative, Plaintiff requests leave to amend.

Respectfully submitted,                                      Dated: March 11, 2026

/s/ Angeliina L. Lawson
Angeliina L. Lawson, Plaintiff, Pro Se
1914 5th Avenue, Leavenworth, Kansas 66048
(913) 972-1661 | AngeliinaCourtRecords@gmail.com

CERTIFICATE OF SERVICE

I certify that on this 11th day of March, 2026, I filed the foregoing Plaintiff's Response to Order to Show Cause with the Clerk of the Court using the Court's electronic filing system.

No summons has issued in this matter, and no defendant has yet been served. Because Plaintiff is proceeding in forma pauperis, service will occur, if ordered by the Court, after summons is issued and service is directed through the United States Marshals Service under Fed. R. Civ. P. 4(c)(3). Accordingly, no separate service was made at this time.

/s/ Angeliina L. Lawson

Angeliina L. Lawson