**In the United States District Court
for the District of Kansas**

————————

Case No. 26-cv-04006-TC-ADM

————————

ANGELIINA LYNN LAWSON,

*Plaintiff*

v.

ANDERSON COUNTY, KANSAS, ET AL.,

*Defendants*

————————

## ORDER

Plaintiff Angeliina Lawson, proceeding pro se, sued Anderson County, Kansas, and three individuals related to the Anderson County district court and the Kansas Supreme Court, alleging that they violated her civil rights. Doc. 1. Because there were concerns about the viability of Lawson's suit and to conserve scarce judicial resources, Lawson was ordered to show cause why her Complaint should not be dismissed. Doc. 11. Lawson filed a timely response. Doc. 12.

The facts surrounding this dispute are simple. Lawson is engaged in divorce proceedings in Anderson County district court. *See In The Matter of the Marriage of Jonathan David Lawson vs. Angeliina Lynn Lawson*, No. 2020-DM-000131 (Anderson County District Court). That matter is currently up on appeal. *See In the Matter of the Marriage of J.L. v. A.L.*, No. 130051 (Kan. Ct. App). Lawson requested a document related to the merits of that dispute from the Anderson County district court clerk, but the clerk refused to turn it over to her because the document is not public.

1

As a result, Lawson filed suit in federal court.[1] Doc. 1. Invoking 42 U.S.C. § 1983, she alleges that Anderson County, the Anderson County district court Clerk Tina Miller, the Anderson County district court Administrator Kelly Johnson, and the Kansas Supreme Court ADA Coordinator Jolene Zirkle violated her "ADA rights" by refusing to turn over the aforementioned document. *Id.* at 4, 5. She requests over $56,000,000 in actual damages, $12,000,000 in punitive damages, a judgment declaring that the district court's orders are void, and an injunction requiring the filing and disclosure of the document. *Id.* at 6.

Lawson's suit is dismissed because jurisdiction is precluded by the *Younger* abstention doctrine.[2] Under *Younger*, a federal district court may abstain from a case where there is an ongoing state judicial proceeding, an important state interest, and an adequate opportunity to raise the federal claims in the state proceedings. *Travelers Cas. Ins. Co. of Am. v. A-Quality Auto Sales, Inc.*, 98 F.4th 1307, 1317 (10th Cir. 2024). All the *Younger* elements are present in this case. Lawson's divorce case and its related appeal were pending when she filed her federal complaint, and they remain so. *Lawson*, No. 2020-DM-000131; *J.L.*, No. 130051. Those divorce cases present an important state interest, for "[i]t is well-established that federal courts lack jurisdiction over the whole subject of the domestic relations of husband and wife, and parent and child." *Hunt v. Lamb,* 427 F.3d 725, 727 (10th Cir. 2005). And there is no reason to conclude that Kansas state courts would offer Lawson an inadequate opportunity to raise her federal claims. *See Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019) ("[U]nless state law clearly bars the interposition of the federal statutory and constitutional claims, a

---

[1] This is Lawson's sixth suit in the District of Kansas regarding her divorce and child custody proceedings in Kansas state court. *See Lawson v. Kansas Department of Children and Families, et al.*, No. 25-2171; *Lawson v. Godderz, et al.*, No. 25-1179; *Lawson v. Godderz, et al.*, No. 25-2199; *Lawson v. Bolton, et al.*, No. 25-2251; *Lawson v. Lawson*, No. 25-4045.

[2] In addition to *Younger*, it appears that dismissal is proper because the defendants are entitled to qualified immunity and Lawson has failed to state a claim upon which relief may be granted. *See Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1282 (10th Cir. 2021) ("Bald accusations such as 'defendant violated the law' . . . and the like will not support a claim for relief."); *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (noting that *sua sponte* dismissal is proper for an affirmative defense "when the claim's factual backdrop clearly beckons the defense").

plaintiff typically has an adequate opportunity to raise federal claims in state court.") (quotations omitted).

It is so ordered.


Date: March 16, 2026                    _s/ Toby Crouse_____
                                        Toby Crouse
                                        United States District Judge