IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
03/18/2026

**Clerk, U.S. District Court**
**By:** MAM **Deputy Clerk**

ANGELIINA LYNN LAWSON,

Plaintiff,

v.

ANDERSON COUNTY, KANSAS, et al.,

Defendants.

Case No. 5:26-cv-04006

PLAINTIFF'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT

Plaintiff Angeliina Lynn Lawson, appearing pro se, respectfully moves under Fed. R. Civ. P. 59(e) to alter or amend the March 16, 2026 Order and Judgment dismissing this action.

Rule 59(e) relief is warranted to correct clear error and prevent manifest injustice. The dismissal order rests on a ground not identified in the Court's March 4, 2026 Order to Show Cause, misapprehends Plaintiff's narrowed position in response to that Order, and applies Younger abstention more broadly than recent Supreme Court and Tenth Circuit authority permits. At minimum, even if some abstention were proper as to equitable relief, outright dismissal of Plaintiff's damages claims was erroneous.

I. Procedural background

1

On March 4, 2026, the Court ordered Plaintiff to show cause why this action should not be dismissed for lack of subject-matter jurisdiction, judicial immunity, res judicata, or failure to state a claim. The Court stayed the case pending that response. Defendants had not yet been served. Plaintiff timely responded on March 11, 2026. On March 16, 2026, the Court dismissed the case on Younger abstention grounds and entered judgment the same day.

II. Rule 59(e) standard

A Rule 59(e) motion may be granted where necessary to correct clear error or prevent manifest injustice, including where the Court has misapprehended the facts, a party's position, or controlling law. Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000); Nelson v. City of Albuquerque, 921 F.3d 925, 929 (10th Cir. 2019).

This motion does not seek to relitigate matters already decided on a fully briefed record. It asks the Court to correct errors that arose because the dismissal rested on an abstention theory not identified in the OSC and because the dismissal order materially mischaracterized the federal case Plaintiff actually presented.

III. Argument

1. The judgment should be altered because the dismissal rested on Younger, a ground not identified in the OSC.

The OSC required Plaintiff to address four grounds only: lack of subject-matter jurisdiction, judicial immunity, res judicata, and failure to state a claim. Plaintiff did so. The dismissal order,

2

however, did not dismiss on those grounds. It dismissed because jurisdiction is precluded by the Younger abstention doctrine.

That sequence matters. Plaintiff was ordered to respond to specific stated grounds, responded to those grounds, and then the case was dismissed on a different threshold doctrine. Because Younger was not the basis identified in the OSC, Plaintiff had no fair opportunity to directly brief the abstention question before judgment entered.

That is clear error and results in manifest injustice, especially where the case was dismissed before service, before any adversarial briefing from any defendant, and while the matter remained in screening posture.

2. The dismissal order misapprehended Plaintiff's position and the nature of the federal case.

Plaintiff's OSC response expressly narrowed the case. Plaintiff told the Court:

(1) this action was not a request for federal appellate review of the Anderson County custody matter;

(2) Plaintiff withdrew any prior request that the federal court vacate, declare void, or otherwise directly alter the December 22, 2025 custody order or any other state custody determination; and

(3) the case instead targeted independent administrative and ADA-related conduct by county and court staff, including non-docketing, withholding, and denial of access to the December 18, 2025 parenting report, and the rerouting of ADA accommodation requests into KORA denials.

3

But the dismissal order framed the suit far more narrowly and differently, stating that Plaintiff merely requested a document related to the merits of that dispute and then sued because the clerk refused to turn it over to her because the document is not public.

That characterization does not match Plaintiff's response. Plaintiff did not present the case as a generic records dispute or as a request for the federal court to supervise the merits of the custody case. Plaintiff presented a federal civil-rights and ADA-access case directed at independent record-handling, due-process, and accommodation failures by administrative actors. The Court's contrary framing misapprehended Plaintiff's position and is a proper basis for Rule 59(e) relief.

3. The Younger ruling should be reconsidered because the order did not perform the controlling Sprint-category analysis required by current law.

Recent controlling authority makes clear that Younger abstention is not a broad domestic-relations carveout. The Supreme Court limited Younger to three exceptional categories in Sprint Communications, Inc. v. Jacobs, 571 U.S. 69 (2013). The Tenth Circuit has since reiterated that if and only if the state proceeding falls within one of those Sprint categories may a court proceed to Younger analysis. Travelers v. A-Quality Auto Sales, Inc., (10th Cir. 2024).

Most importantly, in a recent Tenth Circuit order and judgment, Covington v. Humphries, the court concluded that the domestic-relations proceedings there did not fit the Sprint categories and that Younger therefore did not apply. The court explained that the domestic-relations case was not a criminal prosecution, not a civil enforcement action brought by the State against a private party, and not a proceeding concerning orders uniquely in furtherance of the state court's ability to perform judicial functions.

The dismissal order here cited the existence of ongoing divorce/custody proceedings and the importance of state domestic-relations interests, but it did not analyze whether Plaintiff's state proceedings actually fit a Sprint category. That omission matters because post Sprint and post-Covington, domestic-relations subject matter alone is not enough.

Plaintiff's federal case, as narrowed in the OSC response, is even further removed from the state merits than the claims in Covington. Plaintiff challenged independent administrative conduct: non-docketing, withholding of a report, and denial of ADA-based access to court services and records. Those allegations do not automatically fall within any Sprint category, and the order did not identify which category actually applies.

4. Dismissal of Plaintiff's damages claims was still erroneous.

Plaintiff's OSC response expressly sought compensatory and punitive damages, along with narrowed prospective relief. The Tenth Circuit has recognized that where abstention affects federal damages claims, the proper course is to stay those claims rather than dismiss them outright until the state proceeding is final. Covington reiterated that even if Younger applied, the appropriate course would not have been dismissal but staying proceedings on the federal damages claim until the state proceeding is final.

The dismissal order did not distinguish between Plaintiff's damages claims and her equitable requests. It dismissed the entire action. That was error at minimum, even if the Court remains persuaded that some abstention applies to some portion of the requested relief.

5. The order's footnote references to qualified immunity and failure to state a claim do not cure the problem.

5

The order noted in a footnote that dismissal also "appears" proper because defendants are entitled to qualified immunity and because Plaintiff failed to state a claim. But the Court did not actually dismiss on those grounds. Nor could that footnote substitute for the OSC process that was already underway, particularly where Plaintiff had been ordered to brief specific issues and where no defendant had yet been served or appeared.

If the Court remains concerned about pleading sufficiency after reconsidering the abstention ruling, the proper course would be to reopen the case and either allow it to proceed past the Younger dismissal or grant leave to amend rather than leave judgment in place on an abstention rationale that does not fit the record or current law.

IV. Relief requested

For these reasons, Plaintiff respectfully requests that the Court:

1. grant this Rule 59(e) motion;

2. vacate the March 16, 2026 Order and Judgment;

3. reopen this case;

4. reject dismissal on the present Younger rationale;

5. allow the case to proceed past screening and to service;

or, at minimum:

6. alter the judgment so that Plaintiff's damages claims are stayed rather than dismissed;

7. dismiss only such equitable claims, if any, as the Court concludes are presently subject to abstention; and

6

8.  grant leave to amend if the Court believes additional clarification is needed.

Respectfully submitted,                                  Dated: March 18, 2026

/s/ *Angeliina L. Lawson*
Angeliina L. Lawson, Plaintiff, Pro Se
1914 5th Avenue, Leavenworth, Kansas 66048
(913) 972-1661 | AngeliinaCourtRecords@gmail.com

Certificate of Service

I certify that on this 18th day of March, 2026, I filed the foregoing Rule 59(e) Motion to Alter or Amend Judgment with the Clerk of the Court using the Court's electronic filing system.

No summons has issued in this matter, and no defendant has appeared or been served. Because Plaintiff is proceeding in forma pauperis and service was withheld pending screening, no separate service was made at this time.

/s/ *Angeliina L. Lawson*
Angeliina L. Lawson