CLOSED,APPEAL,MJLC3

# U.S. District Court
## DISTRICT OF KANSAS (Topeka)
## CIVIL DOCKET FOR CASE #: <u>5:26−cv−04006−TC−ADM</u>

Lawson v. Anderson County, Kansas et al
Assigned to: District Judge Toby Crouse
Referred to: Magistrate Judge Angel D. Mitchell
Demand: $68,000,000
Cause: 42:1983 Civil Rights Act

Date Filed: 01/15/2026
Date Terminated: 03/16/2026
Jury Demand: Plaintiff
Nature of Suit: 446 Civil Rights:
Americans with Disabilities – Other
Jurisdiction: Federal Question

**Plaintiff**

**Angeliina Lynn Lawson**
*ECF Notifications Only*

represented by **Angeliina Lynn Lawson**
1914 5th Avenue
Leavenworth, KS 66048
913−972−1661
Email: <u>angeliinacourtrecords@gmail.com</u>
PRO SE
*Bar Number:*
*Bar Status:*

V.

**Defendant**

**Anderson County, Kansas**

**Defendant**

**Tina Miller**
*Clerk, Anderson County District Court;*
*in her individual and official capacities*

**Defendant**

**Kelly Johnson**
*ADA Coordinator / District Court*
*Administrator, Fourth Judicial District;*
*in his official and individual capacities*

**Defendant**

**Jolene Zirkle**
*ADA Coordinator, Kansas Supreme*
*Court; in her official and individual*
*capacities*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| | | |

| 01/15/2026 | 1 | COMPLAINT (No Summons Issued) with trial location of Topeka, filed by Angeliina Lynn Lawson. (Attachments: # 1 Exhibit A) (jsh) (Entered: 01/16/2026) |
|---|---|---|
| 01/15/2026 | 2 | CIVIL COVER SHEET re 1 Complaint by Plaintiff Angeliina Lynn Lawson. (jsh) (Entered: 01/16/2026) |
| 01/15/2026 | 3 | DESIGNATION OF PLACE OF TRIAL and DEMAND FOR TRIAL BY JURY filed by Plaintiff Angeliina Lynn Lawson – trial to be held in Topeka. (jsh) (Entered: 01/16/2026) |
| 01/15/2026 | 4 | MOTION for Leave to Proceed in forma pauperis by Plaintiff Angeliina Lynn Lawson. (Motion referred to Magistrate Judge Angel D. Mitchell.) (Attachments: # 1 Affidavit of Financial Status).<br><br>**NOTE – Access to document is restricted pursuant to the courts privacy policy.** (jsh) (Entered: 01/16/2026) |
| 01/15/2026 | | NOTICE OF JUDGE ASSIGNMENT: Case assigned to District Judge Toby Crouse and Magistrate Judge Angel D. Mitchell for all proceedings. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.)<br><br>**NOTICE OF MAGISTRATE JUDGE AVAILABILITY: A United States magistrate judge is available to conduct all proceedings in this civil action if all parties voluntarily consent. Information & consent forms are available at https://www.uscourts.gov/file/459/download (jsh) (Entered: 01/16/2026)** |
| 01/16/2026 | 5 | DOCKET ANNOTATION: Plaintiff Angeliina Lynn Lawson is a registered pro se participant with ECF notifications only. (gw) (Entered: 01/16/2026) |
| 01/16/2026 | 6 | SUPPLEMENTAL NOTICE Preserving Ongoing Violations Under 42 U.S.C. §§ 1983, 12132 and 12203 by Angeliina Lynn Lawson. (Attachments: # 1 Exhibit B, # 2 Exhibit C, # 3 Exhibit D) (mam) (Entered: 01/20/2026) |
| 01/27/2026 | 7 | ORDER. Plaintiff's Motion to Proceed Without Prepayment of Fees (ECF 4 ) is granted. The U.S. Marshals Service shall withhold service on the defendants until further order of the court. Signed by Magistrate Judge Angel D. Mitchell on 1/27/2026. (mam) (Entered: 01/27/2026) |
| 02/10/2026 | 8 | MOTION to Expedite Service and Set Scheduling Conference by Plaintiff Angeliina Lynn Lawson. (Motion referred to Magistrate Judge Angel D. Mitchell.) (mam) (Entered: 02/11/2026) |
| 02/23/2026 | 9 | ORDER denying 8 plaintiff's motion to expedite service and set scheduling conference. Plaintiff has invoked no grounds entitling her to the relief sought, and the court is unaware of any such grounds. In an order issued on January 27, 2026 (ECF 7), the court noted that it would not direct service of process on the defendants until the court screens the complaint for merit under 28 U.S.C. § 1915(e)(2)(B). If plaintiff wishes to avoid the delay associated with the screening process, she may pay the filing fee and then take the necessary steps to effect service of process on defendants. Otherwise, as previously ordered, the United States Marshals Service is directed to withhold service of process unless and until the court screens plaintiff's complaint for merit. Signed by Magistrate Judge Angel D. Mitchell on 2/23/2026. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (alh) (Entered: 02/23/2026) |
| 02/25/2026 | 10 | |

| | | |
|---|---|---|
| | | RESPONSE by Plaintiff Angeliina Lynn Lawson re 9 Order. (mam) (Entered: 02/26/2026) |
| 03/04/2026 | 11 | ORDER. Plaintiff Lawson is ordered to show cause within fourteen days why this suit should not be dismissed for lack of subject matter jurisdiction, judicial immunity, res judicata, or failure to state a claim. The case is stayed pending Lawson's response to this Order, and Defendants, if served, are ordered not to answer until the stay is lifted. Signed by District Judge Toby Crouse on 3/4/2026. (mam) (Entered: 03/04/2026) |
| 03/11/2026 | 12 | RESPONSE re 11 Order to Show Cause by Plaintiff Angeliina Lynn Lawson. (mam) (Entered: 03/11/2026) |
| 03/16/2026 | 13 | ORDER. Lawson's suit is dismissed because jurisdiction is precluded by the Younger abstention doctrine. Signed by District Judge Toby Crouse on 3/16/2026. (mam) (Entered: 03/16/2026) |
| 03/16/2026 | 14 | JUDGMENT. Pursuant to the Court's Order filed on 3/16/2026, this case is dismissed. Signed by deputy clerk on 3/16/2026. (mam) (Entered: 03/16/2026) |
| 03/18/2026 | 15 | MOTION to Alter or Amend Judgment by Plaintiff Angeliina Lynn Lawson. (mam) (Entered: 03/18/2026) |
| 03/24/2026 | 16 | NOTICE OF APPEAL as to 13 Order and 14 Judgment by Plaintiff Angeliina Lynn Lawson. (mam) (Entered: 03/24/2026) |
| 03/24/2026 | | APPEAL FEE STATUS: Filing fee not paid re 16 Notice of Appeal on behalf of Plaintiff Angeliina Lynn Lawson. Filer granted IFP status on 1/27/2026. (This is a text entry only. There is no.pdf document associated with this entry.) (mam) (Entered: 03/24/2026) |

**In the United States District Court
for the District of Kansas**

———————

Case No. 26-cv-04006-TC-ADM

———————

Angeliina Lynn Lawson,

*Plaintiff*

v.

Anderson County, Kansas, et al.,

*Defendants*

———————

## ORDER

Plaintiff Angeliina Lawson, proceeding pro se, sued Anderson County, Kansas, and three individuals related to the Anderson County district court and the Kansas Supreme Court, alleging that they violated her civil rights. Doc. 1. Because there were concerns about the viability of Lawson's suit and to conserve scarce judicial resources, Lawson was ordered to show cause why her Complaint should not be dismissed. Doc. 11. Lawson filed a timely response. Doc. 12.

The facts surrounding this dispute are simple. Lawson is engaged in divorce proceedings in Anderson County district court. *See In The Matter of the Marriage of Jonathan David Lawson vs. Angeliina Lynn Lawson*, No. 2020-DM-000131 (Anderson County District Court). That matter is currently up on appeal. *See In the Matter of the Marriage of J.L. v. A.L.*, No. 130051 (Kan. Ct. App). Lawson requested a document related to the merits of that dispute from the Anderson County district court clerk, but the clerk refused to turn it over to her because the document is not public.

1

As a result, Lawson filed suit in federal court.[1] Doc. 1. Invoking 42 U.S.C. § 1983, she alleges that Anderson County, the Anderson County district court Clerk Tina Miller, the Anderson County district court Administrator Kelly Johnson, and the Kansas Supreme Court ADA Coordinator Jolene Zirkle violated her "ADA rights" by refusing to turn over the aforementioned document. *Id.* at 4, 5. She requests over $56,000,000 in actual damages, $12,000,000 in punitive damages, a judgment declaring that the district court's orders are void, and an injunction requiring the filing and disclosure of the document. *Id.* at 6.

Lawson's suit is dismissed because jurisdiction is precluded by the *Younger* abstention doctrine.[2] Under *Younger*, a federal district court may abstain from a case where there is an ongoing state judicial proceeding, an important state interest, and an adequate opportunity to raise the federal claims in the state proceedings. *Travelers Cas. Ins. Co. of Am. v. A-Quality Auto Sales, Inc.*, 98 F.4th 1307, 1317 (10th Cir. 2024). All the *Younger* elements are present in this case. Lawson's divorce case and its related appeal were pending when she filed her federal complaint, and they remain so. *Lawson*, No. 2020-DM-000131; *J.L.*, No. 130051. Those divorce cases present an important state interest, for "[i]t is well-established that federal courts lack jurisdiction over the whole subject of the domestic relations of husband and wife, and parent and child." *Hunt v. Lamb,* 427 F.3d 725, 727 (10th Cir. 2005). And there is no reason to conclude that Kansas state courts would offer Lawson an inadequate opportunity to raise her federal claims. *See Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019) ("[U]nless state law clearly bars the interposition of the federal statutory and constitutional claims, a

---

[1] This is Lawson's sixth suit in the District of Kansas regarding her divorce and child custody proceedings in Kansas state court. *See Lawson v. Kansas Department of Children and Families, et al.*, No. 25-2171; *Lawson v. Godderz, et al.*, No. 25-1179; *Lawson v. Godderz, et al.*, No. 25-2199; *Lawson v. Bolton, et al.*, No. 25-2251; *Lawson v. Lawson*, No. 25-4045.

[2] In addition to *Younger*, it appears that dismissal is proper because the defendants are entitled to qualified immunity and Lawson has failed to state a claim upon which relief may be granted. *See Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1282 (10th Cir. 2021) ("Bald accusations such as 'defendant violated the law' . . . and the like will not support a claim for relief."); *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (noting that *sua sponte* dismissal is proper for an affirmative defense "when the claim's factual backdrop clearly beckons the defense").

2

plaintiff typically has an adequate opportunity to raise federal claims in state court.") (quotations omitted).

It is so ordered.


Date: March 16, 2026                    _s/ Toby Crouse_____
                                         Toby Crouse
                                         United States District Judge

3

**In the United States District Court
for the District of Kansas**

———————

Case No. 26-cv-04006-TC-ADM

———————

ANGELIINA LYNN LAWSON,

*Plaintiff*

v.

ANDERSON COUNTY, KANSAS,
TINA MILLER, KELLY JOHNSON AND JOLENE ZIRKLE,

*Defendants*

———————

## JUDGMENT IN A CIVIL CASE

☐  Jury Verdict. This action came before the Court for a jury trial. The issues have been tried and the jury has rendered its verdict.

☒  Decision by the Court. This action came before the Court. The issues have been considered and a decision has been rendered.

**Pursuant to the Court's Order filed on March 16, 2026, this case is dismissed.**

Date:  March 16, 2026        SKYLER B. O'HARA
                            CLERK OF THE DISTRICT COURT

                            By:  ___s/  Traci Anderson_____
                                    Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
03/18/2026

**Clerk, U.S. District Court**
**By:** _MAM_ **Deputy Clerk**

ANGELIINA LYNN LAWSON,

Plaintiff,

v.

ANDERSON COUNTY, KANSAS, et al.,

Defendants.

Case No. 5:26-cv-04006

PLAINTIFF'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT

Plaintiff Angeliina Lynn Lawson, appearing pro se, respectfully moves under Fed. R. Civ. P. 59(e) to alter or amend the March 16, 2026 Order and Judgment dismissing this action.

Rule 59(e) relief is warranted to correct clear error and prevent manifest injustice. The dismissal order rests on a ground not identified in the Court's March 4, 2026 Order to Show Cause, misapprehends Plaintiff's narrowed position in response to that Order, and applies Younger abstention more broadly than recent Supreme Court and Tenth Circuit authority permits. At minimum, even if some abstention were proper as to equitable relief, outright dismissal of Plaintiff's damages claims was erroneous.

I. Procedural background

1

On March 4, 2026, the Court ordered Plaintiff to show cause why this action should not be dismissed for lack of subject-matter jurisdiction, judicial immunity, res judicata, or failure to state a claim. The Court stayed the case pending that response. Defendants had not yet been served. Plaintiff timely responded on March 11, 2026. On March 16, 2026, the Court dismissed the case on Younger abstention grounds and entered judgment the same day.

II. Rule 59(e) standard

A Rule 59(e) motion may be granted where necessary to correct clear error or prevent manifest injustice, including where the Court has misapprehended the facts, a party's position, or controlling law. Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000); Nelson v. City of Albuquerque, 921 F.3d 925, 929 (10th Cir. 2019).

This motion does not seek to relitigate matters already decided on a fully briefed record. It asks the Court to correct errors that arose because the dismissal rested on an abstention theory not identified in the OSC and because the dismissal order materially mischaracterized the federal case Plaintiff actually presented.

III. Argument

1. The judgment should be altered because the dismissal rested on Younger, a ground not identified in the OSC.

The OSC required Plaintiff to address four grounds only: lack of subject-matter jurisdiction, judicial immunity, res judicata, and failure to state a claim. Plaintiff did so. The dismissal order,

2

however, did not dismiss on those grounds. It dismissed because jurisdiction is precluded by the Younger abstention doctrine.

That sequence matters. Plaintiff was ordered to respond to specific stated grounds, responded to those grounds, and then the case was dismissed on a different threshold doctrine. Because Younger was not the basis identified in the OSC, Plaintiff had no fair opportunity to directly brief the abstention question before judgment entered.

That is clear error and results in manifest injustice, especially where the case was dismissed before service, before any adversarial briefing from any defendant, and while the matter remained in screening posture.

2. The dismissal order misapprehended Plaintiff's position and the nature of the federal case.

Plaintiff's OSC response expressly narrowed the case. Plaintiff told the Court:

(1) this action was not a request for federal appellate review of the Anderson County custody matter;

(2) Plaintiff withdrew any prior request that the federal court vacate, declare void, or otherwise directly alter the December 22, 2025 custody order or any other state custody determination; and

(3) the case instead targeted independent administrative and ADA-related conduct by county and court staff, including non-docketing, withholding, and denial of access to the December 18, 2025 parenting report, and the rerouting of ADA accommodation requests into KORA denials.

3

But the dismissal order framed the suit far more narrowly and differently, stating that Plaintiff merely requested a document related to the merits of that dispute and then sued because the clerk refused to turn it over to her because the document is not public.

That characterization does not match Plaintiff's response. Plaintiff did not present the case as a generic records dispute or as a request for the federal court to supervise the merits of the custody case. Plaintiff presented a federal civil-rights and ADA-access case directed at independent record-handling, due-process, and accommodation failures by administrative actors. The Court's contrary framing misapprehended Plaintiff's position and is a proper basis for Rule 59(e) relief.

3. The Younger ruling should be reconsidered because the order did not perform the controlling Sprint-category analysis required by current law.

Recent controlling authority makes clear that Younger abstention is not a broad domestic-relations carveout. The Supreme Court limited Younger to three exceptional categories in Sprint Communications, Inc. v. Jacobs, 571 U.S. 69 (2013). The Tenth Circuit has since reiterated that if and only if the state proceeding falls within one of those Sprint categories may a court proceed to Younger analysis. Travelers v. A-Quality Auto Sales, Inc., (10th Cir. 2024).

Most importantly, in a recent Tenth Circuit order and judgment, Covington v. Humphries, the court concluded that the domestic-relations proceedings there did not fit the Sprint categories and that Younger therefore did not apply. The court explained that the domestic-relations case was not a criminal prosecution, not a civil enforcement action brought by the State against a private party, and not a proceeding concerning orders uniquely in furtherance of the state court's ability to perform judicial functions.

4

The dismissal order here cited the existence of ongoing divorce/custody proceedings and the importance of state domestic-relations interests, but it did not analyze whether Plaintiff's state proceedings actually fit a Sprint category. That omission matters because post Sprint and post-Covington, domestic-relations subject matter alone is not enough.

Plaintiff's federal case, as narrowed in the OSC response, is even further removed from the state merits than the claims in Covington. Plaintiff challenged independent administrative conduct: non-docketing, withholding of a report, and denial of ADA-based access to court services and records. Those allegations do not automatically fall within any Sprint category, and the order did not identify which category actually applies.

4. Dismissal of Plaintiff's damages claims was still erroneous.

Plaintiff's OSC response expressly sought compensatory and punitive damages, along with narrowed prospective relief. The Tenth Circuit has recognized that where abstention affects federal damages claims, the proper course is to stay those claims rather than dismiss them outright until the state proceeding is final. Covington reiterated that even if Younger applied, the appropriate course would not have been dismissal but staying proceedings on the federal damages claim until the state proceeding is final.

The dismissal order did not distinguish between Plaintiff's damages claims and her equitable requests. It dismissed the entire action. That was error at minimum, even if the Court remains persuaded that some abstention applies to some portion of the requested relief.

5. The order's footnote references to qualified immunity and failure to state a claim do not cure the problem.

5

The order noted in a footnote that dismissal also "appears" proper because defendants are entitled to qualified immunity and because Plaintiff failed to state a claim. But the Court did not actually dismiss on those grounds. Nor could that footnote substitute for the OSC process that was already underway, particularly where Plaintiff had been ordered to brief specific issues and where no defendant had yet been served or appeared.

If the Court remains concerned about pleading sufficiency after reconsidering the abstention ruling, the proper course would be to reopen the case and either allow it to proceed past the Younger dismissal or grant leave to amend rather than leave judgment in place on an abstention rationale that does not fit the record or current law.

## IV. Relief requested

For these reasons, Plaintiff respectfully requests that the Court:

1. grant this Rule 59(e) motion;

2. vacate the March 16, 2026 Order and Judgment;

3. reopen this case;

4. reject dismissal on the present Younger rationale;

5. allow the case to proceed past screening and to service;

or, at minimum:

6. alter the judgment so that Plaintiff's damages claims are stayed rather than dismissed;

7. dismiss only such equitable claims, if any, as the Court concludes are presently subject to abstention; and

6

8.  grant leave to amend if the Court believes additional clarification is needed.

Respectfully submitted,                              Dated: March 18, 2026

/s/ *Angeliina L. Lawson*
Angeliina L. Lawson, Plaintiff, Pro Se
1914 5th Avenue, Leavenworth, Kansas 66048
(913) 972-1661 | AngeliinaCourtRecords@gmail.com

Certificate of Service

I certify that on this 18th day of March, 2026, I filed the foregoing Rule 59(e) Motion to Alter or Amend Judgment with the Clerk of the Court using the Court's electronic filing system.

No summons has issued in this matter, and no defendant has appeared or been served. Because Plaintiff is proceeding in forma pauperis and service was withheld pending screening, no separate service was made at this time.

/s/ *Angeliina L. Lawson*
Angeliina L. Lawson

7

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

**FILED**

**U.S. District Court**
**District of Kansas**

03/24/2026

**Clerk, U.S. District Court**
**By:** _MAM_ **Deputy Clerk**

ANGELIINA LYNN LAWSON,

Plaintiff,

V.

ANDERSON COUNTY, KANSAS, et al.,

Defendants.

Case No. 5:26-cv-04006

NOTICE OF APPEAL

Notice is hereby given that Plaintiff Angeliina Lynn Lawson appeals to the United States Court of Appeals for the Tenth Circuit from: 1. the Order of Dismissal entered on March 16, 2026; and

2. the Judgment entered on March 16, 2026. Plaintiff has filed a timely motion under Fed. R. Civ. P. 59(e). This Notice of Appeal is filed protectively. To the extent Fed. R. App. P. 4(a)(4) applies, Plaintiff states that this Notice shall become effective upon entry of the order disposing of the pending Rule 59(e) motion.

Respectfully submitted,

Dated: March 24, 2026

/s/ Angeliina Lynn Lawson

Angeliina Lynn Lawson, Plaintiff, Pro Se

1914 5th Avenue, Leavenworth, Kansas 66048 | (913) 972-1661 | AngeliinaCourtRecords@gmail.com

CERTIFICATE OF SERVICE

I certify that on this 24th day of March, 2026, I filed the foregoing Notice of Appeal with the Clerk of the Court using the Court's electronic filing system. No summons has issued in this matter, and no defendant has appeared or been served. Because Plaintiff is proceeding in forma pauperis and service was withheld pending screening, no separate service was made at this time.

_/s/ Angeliina Lynn Lawson_

Angeliina Lynn Lawson

1