**In the United States District Court**
**for the District of Kansas**

———————

Case No. 26-cv-04006-TC-ADM

———————

ANGELIINA LYNN LAWSON,

*Plaintiff*

v.

ANDERSON COUNTY, KANSAS, ET AL.,

*Defendants*

———————

## ORDER

Plaintiff Angeliina Lawson's claims were previously dismissed for *Younger* abstention, failure to state a claim, and qualified immunity. Doc. 14. She moves for an order altering or amending the judgment. Doc. 15. For the following reasons, that motion is denied.

Federal Rule of Civil Procedure 59(e) permits a party to request reconsideration of a final judgment. A court may grant a Rule 59(e) motion when it "has misapprehended the facts, a party's position, or the controlling law." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). Rule 59(e) is not an appropriate vehicle for revisiting issues already considered or arguing matters "that could have been raised in prior briefing." *Id.*

Lawson argues that *Younger* abstention is inapplicable because this case does not fall under one of the enumerated *Sprint* categories. Doc. 15; *see Travelers Cas. Ins. Co. of Am. v. A-Quality Auto Sales, Inc.*, 98 F.4th 1307, 1317 (10th Cir. 2024) ("*Younger* abstention is triggered *only when* the state proceeding falls into one of the following categories: (1) state criminal prosecutions, (2) civil enforcement proceedings [that take on a quasi-criminal shape], and (3) civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial function.") (emphasis in original).

1

Lawson's motion is denied because she has not shown that she is entitled to the relief she seeks. In particular, her Complaint falls squarely into the third *Sprint* category—civil proceedings involving orders in furtherance of the state court's ability to perform its judicial function—because Lawson directly challenges an order by the Anderson County district court that was in furtherance of that court's prior orders in that case. *See* Doc. 1 at 6 (requesting declaratory judgment that the "custody-terminating order [is] void"). Federal courts have concluded that *Younger* applies in similar circumstances. *See, e.g.*, *Wright v. Oklahoma Cnty.*, No. 20-00346, 2020 WL 8335672, at *8 (W.D. Okla. Aug. 31, 2020) (concluding that the third *Sprint* category applies because the plaintiff "seeks to have the Court unwind orders entered in the Divorce Case . . . and to grant him monetary relief based on alleged procedural violations in that case"); *Lawson v. Godderz*, No. 25-2199, 2025 WL 3022371, at *8 (D. Kan. Oct. 29, 2025) (concluding that the third *Sprint* category applied in another suit brought by Lawson against the judge in her divorce case, wherein her claims are a continuation of her long-running dissatisfaction with her divorce case); *see also Wyttenbach v. Parrish*, 496 F. App'x 796, 797 (10th Cir. 2012) (Gorsuch, J.) (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)) ("Federal courts have long disclaimed responsibility for domestic relations cases, leaving the power to issue and enforce 'divorce, alimony, and child custody decrees' to the states.").

Even if *Younger* did not apply, Lawson's Complaint is still subject to dismissal. That is because she fails to state a claim upon which relief can be granted. Lawson asserts generally that the defendants violated her "ADA rights by conditioning custody on disability-based terms." Doc. 1 at 4. But she has not alleged any facts sufficient to determine that she has stated a claim. For example, she has not alleged that she is a qualified individual with a disability or that she engaged in protected opposition to discrimination. *See Estate. of Beauford v. Mesa Cnty., Colorado*, 35 F.4th 1248, 1276 (10th Cir. 2022) ("To state a claim under [42 U.S.C. § 12132], [plaintiff must show she] is a qualified individual with a disability . . . ."); *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1209 (10th Cir. 2018) (To make out a prima facie case [of ADA retaliation], a plaintiff must demonstrate that (1) he engaged in protected opposition to discrimination . . . ."). Lawson simply asserts that the defendants violated her federal rights, but "[b]ald accusations such as 'defendant violated the law,' 'defendant failed to exercise reasonable care,' and the like will not support a claim for relief." *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1282 (10th Cir. 2021).

It is so ordered.


Date: April 15, 2026                     _s/ Toby Crouse_____
                                         Toby Crouse
                                         United States District Judge