**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 29, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ANGELIINA LYNN LAWSON,

Plaintiff - Appellant,

v.

ANDERSON COUNTY, KANSAS; TINA MILLER, Clerk, Anderson County District Court, in her individual and official capacities; KELLY JOHNSON, ADA Coordinator/District Court Administrator, Fourth Judicial District, in his official and individual capacities; JOLENE ZIRKLE, ADA Coordinator, Kansas Supreme Court, in her official and individual capacities,

Defendants - Appellees.

No. 26-3154
(D.C. No. 5:26-CV-04006-TC-ADM)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **MATHESON**, **MURPHY**, and **ROSSMAN**, Circuit Judges.[**]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Angeliina Lawson, proceeding pro se, appeals the district court's denial of her motion under Federal Rule of Civil Procedure 60(b)(6) for relief from judgment. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.[1]

## I. BACKGROUND

Ms. Lawson filed this 42 U.S.C. § 1983 action against Anderson County, Anderson County District Court, and several related officials. She alleged they violated the Americans with Disabilities Act ("ADA") by withholding parts of the record and failing to docket favorable evidence in her ongoing divorce and child-custody proceedings in Kansas state court.

The district court reviewed her complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) and dismissed it for several independent reasons, including failure to state a claim under Rule 12(b)(6) and the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971). The court later denied Ms. Lawson's motion under Rule 59(e) to alter or amend the judgment and her motion under Rule 60(b)(6) for relief from judgment.

Ms. Lawson appealed to this court. We affirmed the district court's decision to dismiss the case for failure to state a claim under Rule 12(b)(6). *Lawson v. Anderson County*, No. 26-3048, 2026 WL 1552447, at *1 (10th Cir. June 2, 2026).

---

[1] Because Ms. Lawson is representing herself, we afford her pleadings a liberal construction, but we do not advocate on her behalf. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Ms. Lawson returned to district court and moved again under Rule 60(b)(6) for relief from judgment and for leave to file a first amended complaint under Rule 15(a)(2). The court denied the motion, stating:

> Lawson requests relief so she may file an amended complaint that addresses the reasons her original Complaint was deficient. Doc. 28 at 1. But a Rule 60(b) motion is not a vehicle to advance new arguments or facts. *Choice Hospice, Inc. v. Axxess Tech. Sols., Inc.*, 125 F.4th 1000, 1012 (10th Cir. 2025). Accordingly, Lawson's motion, Doc. 28, is DENIED.

ROA, Vol. I at 48.

She has appealed that ruling.

## II. DISCUSSION

We review the denial of a Rule 60(b)(6) motion for abuse of discretion. *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005). A district court abuses its discretion if the denial is "arbitrary, capricious, whimsical, or manifestly unreasonable," *Choice Hospice, Inc. v. Axxess Tech. Sols., Inc.*, 125 F.4th 1000, 1011 (10th Cir. 2025) (quotations omitted), or based "on an erroneous view of the law or on a clearly erroneous assessment of the evidence," *Zurich*, 426 F.3d at 1289 (quotations omitted).

Rule 60(b)(6) provides that a party may move for relief from a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Relief "is extraordinary and may only be granted in exceptional circumstances," *Zurich*, 426 F.3d at 1289 (quotations omitted), which courts may determine from a "wide range of factors," *Buck v. Davis*, 580 U.S. 100, 123 (2017). Denial of a Rule 60(b) motion that is based on new arguments is generally not an abuse of discretion. *See Choice Hospice*, 125 F.4th at 1011-12.

In *Choice Hospice*, we said the district court's denial of a Rule 60(b) motion was not an abuse of discretion when the motion attempted to advance new or previously available arguments. *Id.* at 1011-12, 1016; *see also Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) ("[W]e note that a motion for reconsideration and a successive Rule 60(b) motion . . . are inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion.").

Here, the district court, citing *Choice Hospice*, denied Ms. Lawson's motion because a "Rule 60(b) motion is not a vehicle to advance new arguments or facts." ROA, Vol. I at 48. We discern no abuse of discretion in this ruling.

## III. CONCLUSION

We affirm the district court's denial of Ms. Lawson's Rule 60(b)(6) motion.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge